# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| HASH ASSET MANAGEMENT LTD., | ) | |
| TAF CAPITAL PTY LTD, as trustee for the | ) | |
| BLUEBOTTLE FUND, and NI KAIHAO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 1:22-cv-01633 (GBW) |
| v. | ) | |
| | ) | |
| DMA LABS, INC., ICHI FOUNDATION, | ) | |
| NICK POORE, and BRYAN GROSS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

MELUNEY ALLEMAN & SPENCE, LLC
William M. Alleman, Jr. (Bar ID 5449)
1143 Savannah Road, Suite 3-A
Lewes, DE 19958
(302) 551-6740
bill.alleman@maslawde.com

MORRIS KANDINOV LLP
Aaron T. Morris
Andrew W. Robertson
1740 Broadway, 15th Floor
New York, NY 10019
(877) 216-1552
aaron@moka.law
andrew@moka.law

*Attorneys for Defendants*

Defendants DMA Labs, Inc., ICHI Foundation, Nick Poore, and Bryan Gross (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and otherwise respond to the Complaint (D.I. 1) filed by Plaintiffs HASH Asset Management Ltd. ("HASH"), TAF Capital Pty Ltd. as trustee for the Bluebottle Fund ("Bluebottle"), and Ni Kaihao (collectively, "Plaintiffs"). Except as expressly admitted herein, Defendants deny each and every allegation of the Complaint (including, without limitation, the headings, subheadings, unnumbered paragraphs, graphics, illustrations, footnotes, and exhibits contained in or attached to the Complaint), and deny that any Plaintiff is entitled to the relief he, she, or it seeks. Defendants reserve the right to amend and/or supplement this Answer.

## ANSWER

### INTRODUCTION

1.      Defendants deny the allegations in ¶ 1.

2.      Defendants lack knowledge or information sufficient to form a belief whether or to what extent Plaintiffs conducted "a crypto tracing investigation" or what they "identified" through any such investigation. Defendants deny the remaining allegations in ¶ 2.

3.      Defendants deny the allegations in ¶ 3.

4.      Defendants admit that certain transaction activity "threaten[ed] Rari Pool 136's viability," and deny the remaining allegations in ¶ 4.

5.      Defendants deny the allegations in ¶ 5.[1]

6.      Defendants deny the allegations in ¶ 6.

7.      Defendants deny the allegations in ¶ 7.

---

[1]      Defendants deny the allegations in footnote 1.

8.    Defendants admit that Rari Pool 136 capped its loan-to-value ratio at 85%, and that ICHI tokens are not a stablecoin. Defendants deny the remaining allegations in ¶ 8.

9.    Defendants deny the allegations in ¶ 9.

10.    Defendants deny the allegations in ¶ 10.

11.    Defendants deny the allegations in ¶ 11.

## I.    THE PARTIES

12.    Defendants admit that Plaintiff HASH purports to be a business entity registered in the Cayman Islands.

13.    Defendants admit that TAF Capital is an Australian proprietary company and purports to sue as trustee for the Bluebottle Fund. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in ¶ 13.

14.    Defendants admit that Plaintiff Kaihao is a natural person who purports to live in Shanghai, China.

15.    Defendants admit the allegations in ¶ 15.

16.    Defendants admit that ICHI Foundation is registered under Cayman Islands law and deny the remaining allegations in ¶ 16.

17.    Defendants admit that Defendant Gross is a natural person, a citizen of North Carolina, and CEO of DMA. Defendants deny the remaining allegations in ¶ 17.

18.    Defendants admit the allegations in ¶ 18.

## II.    JURISDICTION AND VENUE

19.    Paragraph 19 states a legal conclusion to which no response is required. Insofar as a response is required, Defendants deny the allegations in ¶ 19.

20.    Paragraph 20 states a legal conclusion to which no response is required. Insofar as a response is required, Defendants deny the allegations in ¶ 20.

21.    Paragraph 21 states a legal conclusion to which no response is required. Insofar as a response is required, Defendants deny the allegations in ¶ 21.

22.    Paragraph 22 states a legal conclusion to which no response is required. Insofar as a response is required, Defendants deny the allegations in ¶ 22.

23.    Paragraph 23 states a legal conclusion to which no response is required. Insofar as a response is required, Defendants deny the allegations in ¶ 23.

## III.    FACTUAL ALLEGATIONS

### A.    Background on Cryptocurrency

#### i.    Cryptocurrency and Blockchain Technology

24.    Defendants admit the allegations in ¶ 24.

25.    Defendants admit the allegations in ¶ 25.

26.    Defendants admit the allegations in ¶ 26.

27.    Defendants admit the allegations in ¶ 27.[2]

#### ii.    Stablecoins

28.    Defendants admit the allegations in ¶ 28.

#### iii.    "Decentralization"

29.    Defendants admit that "[m]any crypto projects purport to be 'decentralized'" and lack knowledge or information sufficient to form a belief whether unspecified "market participants" consider "[d]ecentralization and community voting rights" to be "key selling points." Defendants deny the remaining allegations in ¶ 29.

---

[2]    Defendants admit the allegations in footnote 2.

30.    Paragraph 30 states a legal conclusion as to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief what "reasons" there may be for unspecified "project teams" to "promote their protocol as 'decentralized,'" and deny the remaining allegations in ¶ 30.[3]

31.    Defendants lack knowledge or information sufficient to form a belief whether or why unspecified "new cryptocurrency projects label themselves a 'decentralized autonomous organization,'" or how those unspecified projects operate. Defendants deny the remaining allegations in ¶ 31.

32.    Defendants admit that "decentralized finance" or "DeFi" can describe lending, yield earning, and other transactions that are similar to traditional banking but occur through decentralized entities governed by smart contracts." Defendants deny the remaining allegations in ¶ 32.

### iv.    Liquidity Pools

33.    Defendants admit the allegations in ¶ 33.

### B.    Defendants Create ICHI and Solicit Plaintiffs to Invest.

34.    Defendants deny the allegations in ¶ 34.

35.    Defendants admit that oneTokens were designed to maintain their value at $1.00, with such value supported by a combination of stablecoins and other crypto assets. Defendants deny the remaining allegations in ¶ 35.

---

[3]    Footnote 3 includes a citation to a public document, and Defendants refer to the document for its full contents and context.

36.     Defendants admit that ICHI Foundation has a single director, and deny the remaining allegations in ¶ 36.[4]

37.     Paragraph 37 states a legal conclusion to which no response is required. Insofar as a response is required, Defendants deny the allegations in ¶ 37.

38.     Defendants admit that Exhibit A is an open-source document that was referenced on the ICHI.org website, and deny the remaining allegations in ¶ 38.[5]

39.     Defendants admit that ¶ 39 purports to quote and paraphrase information from Exhibit A, and refer to Exhibit A for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 39.

40.     Defendants admit that ¶ 40 purports to quote and paraphrase information from Exhibit A, and refer to Exhibit A for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 40.

41.     Defendants admit that ¶ 41 purports to quote and paraphrase information from Exhibit A, and refer to Exhibit A for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 41.

42.     Defendants admit that ¶ 42 purports to quote and paraphrase information from Exhibit A, and refer to Exhibit A for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 42.

43.     Defendants deny the allegations in ¶ 43.

---

[4]     Footnote 4 references a public website, and Defendants refer to the website for its full contents and context.

[5]     Footnote 5 references a public website, and Defendants refer to the website for its full contents and context.

44.    Defendants deny the allegations in ¶ 44, including subparagraphs (a) and (b).[6]

45.    Defendants deny the allegations in ¶ 45.

46.    Defendants deny the allegations in ¶ 46.

47.    Defendants admit that the risks of liquidity pools were fully disclosed, and deny the remaining allegations in ¶ 47.

48.    Defendants admit that ¶ 48 purports to quote and paraphrase information from two posts on medium.com, and refer to the posts for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 48.[7,8]

49.    Defendants admit that ¶ 49 purports to quote and paraphrase information from a post on medium.com, and refer to the post for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 49.[9]

50.    Defendants admit that ¶ 50 purports to quote and paraphrase information from two episodes of the "Inside Track" podcast by CryptoQuestion, and refer to the podcasts for the full contents and context of the referenced information. Defendants also admit that Defendant Gross

---

[6]    Defendants admit that footnote 6 purports to quote and paraphrase information from Exhibit A and a public website, and refer to Exhibit A and the website for the full contents and context of the referenced information. Defendants deny the remaining allegations in footnote 6.

[7]    Footnote 7 references a public website, and Defendants refer to the website for its full contents and context.

[8]    Footnote 8 references a public website, and Defendants refer to the website for its full contents and context.

[9]    Footnote 9 references a public website, and Defendants refer to the website for its full contents and context.

previously was employed by IBM and Amazon. Defendants deny the remaining allegations in ¶ 50.[10],[11]

51.     Defendants admit that ICHI representatives communicated with Plaintiff HASH through Discord, but deny that those communications were in or around late 2021. Defendants lack knowledge or information sufficient to form a belief whether, to what extent, or when each Plaintiff reviewed the purported "Offering Documents." Defendants deny the remaining allegations in ¶ 51.[12]

52.      Defendants admit that, after Plaintiff HASH had deployed assets in ICHI tokens, oneTokens, and/or Rari Pool 136, ICHI representatives communicated with Plaintiff HASH through Discord and that there was group on Discord called "HashCIB<>ICHI." Defendants lack knowledge or information sufficient to form a belief when or how HASH learned about ICHI tokens, what information HASH reviewed, or what HASH "noted" about the size of its participation in any liquidity pool. Defendants deny the remaining allegations in ¶ 52.

53.     Defendants admit that, after Plaintiff HASH had deployed assets in ICHI tokens, oneTokens, and/or Rari Pool 136, ICHI representatives communicated with Plaintiff HASH through Discord. Defendants lack knowledge or information sufficient to form a belief what information HASH considered or what it "understood" about Rari Pool 136. Defendants deny the remaining allegations in ¶ 53.

---

[10]     Footnote 10 references a publicly available podcast, and Defendants refer to the podcast for its full contents and context.

[11]     Footnote 11 references a publicly available podcast, and Defendants refer to the podcast for its full contents and context.

[12]     Defendants admit that Discord is an online communications and messaging platform. Defendants lack knowledge or information sufficient to form a belief whether Discord is "widely used throughout the crypto industry."

54.     Defendants admit that, after Plaintiff HASH had deployed assets in ICHI tokens, oneTokens, and/or Rari Pool 136, ICHI representatives communicated with Plaintiff HASH through Discord and Telegram. Defendants deny the remaining allegations in ¶ 54.

55.     Defendants admit that, after Plaintiff HASH had deployed assets in ICHI tokens, oneTokens, and/or Rari Pool 136, ICHI representatives communicated with Plaintiff HASH, including through telephone calls. Defendants deny the remaining allegations in ¶ 55.

56.     Defendants lack knowledge or information sufficient to form a belief regarding the oneTokens received by Plaintiff HASH or its participation in Rari Pool 136. Defendants deny the remaining allegations in ¶ 56.

57.     Defendants deny the allegations in ¶ 57.

58.     Defendants lack knowledge or information sufficient to form a belief regarding the oneTokens held by Plaintiff Bluebottle or its participation in Rari Pool 136. Defendants deny the remaining allegations in ¶ 58.

59.     Defendants lack knowledge or information sufficient to form a belief regarding the oneTokens held by Plaintiff Kaihao. Defendants deny the remaining allegations in ¶ 59.

60.     Defendants lack knowledge or information sufficient to form a belief regarding the information relied upon by each Plaintiff when making any purported investment. Defendants deny the remaining allegations in ¶ 60.

**C.**      **In Violation of Plaintiffs' Community Voting Rights, Defendants Transfer Treasury Contents to Rari Pool 136**

61.      Defendants admit that Rari 136 participants could use ICHI tokens as collateral for borrowing. Defendants deny the remaining allegations in ¶ 61.[13]

62.      Defendants admit that Rari Pool 136 capped its loan-to-value ratio at 85%, and deny the remaining allegations in ¶ 62.

63.      Defendants deny the allegations in ¶ 63.

64.      Defendants deny the allegations in ¶ 64.

65.      Defendants deny the allegations in ¶ 65.

66.      Defendants admit that the price of ICHI tokens increased in late March 2022, and deny the remaining allegations in ¶ 66.

67.      Defendants admit that certain participants in Rari Pool 136 engaged in a cyclical trading strategy involving the use of borrowed assets as collateral to borrow additional assets. Defendants deny the remaining allegations in ¶ 67.

68.      Defendants lack knowledge or information sufficient to form a belief whether or when HASH became concerned by increases in the price of ICHI tokens, and deny the remaining allegations in ¶ 68.

69.      Defendants deny the allegations in ¶ 69.

70.      Defendants admit that that certain participants in Rari Pool 136 engaged in the cyclical borrowing strategy described above on or around April 7, 2022. Defendants deny the remaining allegations in ¶ 70.

---

[13]      Defendants admit that one type of leverage is trading with loaned funds to increase buying power and that, as a general matter, leverage increases the potential returns, but also the potential losses, of trading.

71.    Defendants admit the allegations in ¶ 71.

72.    Defendants deny the allegations in ¶ 72.

73.    Defendants deny the allegations in ¶ 73.

74.    Defendants deny the allegations in ¶ 74.[14]

75.    Defendants admit that the value of ICHI tokens fell on or around April 11, 2022, and deny the remaining allegations in ¶ 75.

76.    Defendants admit that the decrease in value of ICHI tokens resulted in liquidation of certain collateral positions within Rari Pool 136. Defendants deny the remaining allegations in ¶ 76.

77.    Defendants deny the allegations in ¶ 77.

78.    Defendants deny the allegations in ¶ 78.

79.    Defendants deny the allegations in ¶ 79.[15]

80.    Paragraph 80 states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding each Plaintiff's efforts to mitigate their damages, and deny the remaining allegations in ¶ 80.

81.    Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff Bluebottle's efforts to sell its ICHI tokens and/or redeem its oneToken holdings, or the amount of its purported losses. Defendants deny the remaining allegations in ¶ 81.

---

[14]    Footnote 14 references a public Twitter post by user Jonwu.eth (@jonwu_). Defendants deny the statements in the Twitter post.

[15]    Footnote 15 references a public Twitter post by user FreddieRaynolds (@FreddieRaynolds). Defendants deny the statements in the Twitter post.

82. Defendants lack knowledge or information sufficient to form a belief regarding the amount of Plaintiff HASH's purported losses or the specific wallets that experienced the purported losses. Defendants deny the remaining allegations in ¶ 82.

83. Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff Kaihao's holdings of oneDODO tokens or the amount of his purported losses. Defendants deny the remaining allegations in ¶ 83.

84. Defendants deny the allegations in ¶ 84.[16]

**D.    Defendants Conceal Their Misconduct**

85. Defendants deny the allegations in ¶ 85.

86. Defendants admit that ¶ 86 purports to quote or paraphrase information from a post on medium.com, and refer to the post for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 86.[17]

87. Defendants admit that ¶ 87 purports to quote or paraphrase information from a post on medium.com, and refer to the post for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 87.[18]

88. Defendants deny the allegations in ¶ 88, including subparagraphs (a)-(d).

89. Defendants deny the allegations in ¶ 89.[19]

---

[16]    Footnote 16 references a public Twitter post by user Jonwu.eth (@jonwu_). Defendants deny the statements in the Twitter post.

[17]    Footnote 17 references a public website, and Defendants refer to the website for its full contents and context.

[18]    Footnote 18 references a public website, and Defendants refer to the website for its full contents and context.

[19]    Footnote 19 references public Twitter posts by users Senpai of the Hentai (@DegenSpartan), José Bidren (@smolPOTUS), and Tajer (@omolewaAbraham). Defendants deny the statements in the Twitter posts.

90.     Defendants admit that Defendant Gross expressed an interest in helping users impacted by Rari Pool 136. Defendants deny the remaining allegations in ¶ 90.

**E.     Plaintiffs' Investigation Exposes Defendants' Scheme**

91.     Defendants lack knowledge or information sufficient to form a belief what Plaintiffs did to investigate their claims, and deny the remaining allegations in ¶ 91.

92.     Defendants deny the allegations in ¶ 92.

93.     Defendants deny the allegations in ¶ 93, including subparagraphs (a)-(d).

94.     Defendants deny the allegations in ¶ 94.

95.     Defendants deny the allegations in ¶ 95.

96.     Defendants deny the allegations in ¶ 96.

97.     Defendants deny the allegations in ¶ 97.

98.     Defendants deny the allegations in ¶ 98.

99.     Defendants deny the allegations in ¶ 99.

100.    Defendants deny the allegations in ¶ 100.

101.    Defendants deny the allegations in ¶ 101.

102.    Defendants deny the allegations in ¶ 102.

**CAUSES OF ACTION**

**COUNT I**
**Fraud**

103.    Defendants incorporate by reference their responses to the preceding paragraphs.

104.    Defendants deny the allegations in ¶ 104.

    a.     Defendants deny the allegations in ¶ 104(a).

    b.     Defendants deny the allegations in ¶ 104(b).

    c.     Defendants deny the allegations in ¶ 104(c).

   d.  Defendants deny the allegations in ¶ 104(d).

   e.  Defendants admit that ¶ 104(e) purports to quote and paraphrase information from a post on medium.com and other publicly available documents, and refer to the documents for the full contents and context of the referenced information.[20, 21]

   f.  Defendants admit that ICHI Foundation is a DAO, and deny the remaining allegations in ¶ 104(f), including subparagraphs (i)-(v).

   g.  Defendants deny the allegations in ¶ 104(g).

  105.  Paragraph 105 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 105.

  106.  Paragraph 106 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 106.

  107.  Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 107.

  108.  Paragraph 108 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 108.

## COUNT II
### Selling unregistered securities – Section 12(a) of the Securities Act of 1933
### (15 U.S.C. § 77*l*)

  109.  Defendants incorporate by reference their responses to the preceding paragraphs.

  110.  Paragraph 110 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 110.

---

[20] Footnote 20 references a public website, and Defendants refer to the website for its full contents and context.

[21] Footnote 21 references publicly available documents, and Defendants refer to the documents for their full contents and context.

111.    Paragraph 111 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 111.

112.    Paragraph 112 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 112.

113.    Paragraph 113 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that no registration statement covering ICHI tokens was in effect, and deny the remaining allegations in ¶ 113.

**COUNT III**
**Market Manipulation – Section 9(a) & (f) of the Securities Exchange Act of 1934**
**(15 U.S.C. § 78i)**

114.    Defendants incorporate by reference their responses to the preceding paragraphs.

115.    Paragraph 115 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 115.

116.    Paragraph 116 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 116.

117.    Paragraph 117 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 117.

**COUNT IV**
**Breach of Contract**

118.    Defendants incorporate by reference their responses to the preceding paragraphs.

119.    Paragraph 119 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 119.

120.    Paragraph 120 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 120.

121.    Paragraph 121 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 121.

122.    Paragraph 122 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 122.

123.    Paragraph 123 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 123.

124.    Paragraph 124 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 124.

**COUNT V**
**Conversion**

125.    Defendants incorporate by reference their responses to the preceding paragraphs.

126.    Paragraph 126 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 126.

127.    Paragraph 127 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 127.

128.    Paragraph 128 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 128.

**COUNT VI**
**Breach of Fiduciary Duty**

129.    Defendants incorporate by reference their responses to the preceding paragraphs.

130.    Paragraph 130 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 130.

a.    Defendants lack knowledge or information sufficient to form a belief what Plaintiffs expected, and deny the remaining allegations in ¶ 130(a).

  b.  Defendants deny the allegations in ¶ 130(b).

  c.  Defendants deny the allegations in ¶ 130(c).

  d.  Defendants deny the allegations in ¶ 130(d).

  e.  Defendants deny the allegations in ¶ 130(e).

  f.  Defendants deny the allegations in ¶ 130(f).

  g.  Defendants admit that ¶ 130(g) purports to quote or paraphrase information from a post on medium.com, and refer to the post for the full contents and context of the referenced information. Defendants deny the remaining allegations in ¶ 130(g).[22]

  131.  Paragraph 131 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 131.

  132.  Paragraph 132 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 132, including subparagraphs (a)-(d).

  133.  Paragraph 133 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 133, including subparagraphs (a)-(d), except Defendants admit that subparagraph 133(d) purports to quote or paraphrase information from a post on medium.com, and refer to the post for the full contents and context of the referenced information.[23]

  134.  Paragraph 134 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 134.

---

[22] Footnote 22 refers to a public website, and Defendants refer to the website for its full contents and context.

[23] Footnote 23 refers to a public website, and Defendants refer to the website for its full contents and context.

## PRAYER FOR RELIEF

Defendants admit that Plaintiffs purport to seek relief, including damages, interest, and attorneys' fees. Defendants deny that Plaintiffs are entitled to any such relief, and deny the allegations in ¶¶ 135-138.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses to the Complaint. The defenses may apply in varying degrees to each Plaintiff, depending on the particular factual circumstances of each Plaintiff. By setting forth these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs released, waived, and are barred from pursuing the claims they purport to assert.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, ratification, disclosure, and/or consent.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risks of ICHI tokens, oneTokens, and participating in Rari Pool 136, and are barred from seeking recovery of losses caused by materialization of those risks.

### SIXTH AFFIRMATIVE DEFENSE

Defendants have acted at all times and in all respects in good faith and with due care.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims asserted in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any losses or damages proximately caused by any alleged actions or failures to act by Defendants.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in party by their failure to mitigate any alleged losses.

### TENTH AFFIRMATIVE DEFENSE

To the extent this action seeks exemplary or punitive damages, any such relief would violate Defendants' rights to procedural and substantive due process.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to a jury trial on some or all of their claims.

### COUNTERCLAIM FOR ENFORCEMENT OF THE ALLY TOKENS
### TERMS AND CONDITIONS AND FOR FEES, COSTS, AND EXPENSES

For their counterclaim against Plaintiffs for attorneys' fees and costs pursuant to the Ally Tokens Terms & Conditions, Defendants allege as follows:

1.    Following the collapse of Rari Pool 136, Defendants established a program, known as the Ally Token Program, to enable affected users to benefit from the stabilization and growth of ICHI tokens.

2.    Eligible users could elect to receive newly created Ally Tokens, which could then be redeemed for ICHI tokens.

3.    At least three wallets affiliated with and controlled by Plaintiff HASH elected to participate in the Ally Token program.

4.    Upon information and belief, wallets affiliated with Plaintiffs Bluebottle and Kaihao also may have participated.

5.    In claiming Ally tokens, Plaintiffs agreed to the Ally Tokens Terms & Conditions (the "Ally T&Cs"), which were included in the user interface as a clickwrap agreement and were embedded in the smart contract that facilitated the claim for Ally. The Ally T&Cs are attached hereto as Exhibit 1.

6.    The Ally T&Cs include a release (the "Release") of all claims against Defendants ICHI, DMA, and their respective directors, officers, and employees, including Defendants Gross and Poore, "relating in any manner to . . . the ICHI protocol, ICHI Tokens, oneTokens and Rari Fuse Pool #136."

7.    The Ally T&Cs provide for an award of attorneys' fees, costs, and expenses incurred in connection with enforcing the terms of the Ally T&Cs, including the Release.

WHEREFORE, Defendants pray this Court for an award of attorneys' fees, costs, and expenses incurred in enforcing the Release provision in the Ally T&Cs pursuant to Defendants' First Affirmative Defense or otherwise.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense(s) and/or counterclaim(s) that may become available or appear during discovery or otherwise in this action. Defendants reserve the right to amend this Answer to assert such defense(s) and/or counterclaim(s).

Dated: March 31, 2023

Respectfully submitted,

By: */s/ William M. Alleman, Jr.*
MELUNEY ALLEMAN & SPENCE, LLC
William M. Alleman, Jr. (Bar ID 5449)
1143 Savannah Road, Suite 3-A
Lewes, DE 19958
(302) 551-6740
bill.alleman@maslawde.com

MORRIS KANDINOV LLP
Aaron T. Morris
Andrew W. Robertson
1740 Broadway, 15th Floor
New York, NY 10019
(877) 216-1552
aaron@moka.law
andrew@moka.law

*Attorneys for Defendants*