## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HASH ASSET MANAGEMENT LTD., TAF CAPITAL PTY LTD, as trustee for the BLUEBOTTLE FUND, and NI KAIHAO, <br><br> Plaintiffs, <br><br> v. <br><br> DMA LABS, INC., ICHI FOUNDATION, NICK POORE, and BRYAN GROSS, <br><br> Defendants. | C.A. No. 22-1633-GBW |

### MEMORANDUM ORDER

Pending before the Court is Defendants' DMA Labs, Inc. ("DMA"), ICHI Foundation ("ICHI"), Nick Poore ("Poore"), and Bryan Gross ("Gross") (collectively, the "Defendants") Motion to Bifurcate (D.I. 12, the "Motion"), which has been fully briefed (D.I. 13; D.I. 18; D.I. 20). For the following reasons, the Motion is DENIED.

### I. BACKGROUND[1]

Plaintiffs HASH Asset Management Ltd. ("HASH"), TAF Capital Pty Ltd. ("TAF"), as trustee for the Bluebottle Fund ("Bluebottle"), and Ni Kaihao ("Kaihao") (collectively, the "Plaintiffs") filed their Complaint, D.I. 1, on December 23, 2022, against Defendants. The Complaint asserts numerous counts and violations relating to cryptocurrency trading and the eventual collapse of a lending program called Rari Pool 136. D.I. 1 ¶ 1. Defendants filed this Motion to Bifurcate, D.I. 12, on March 21, 2023, and filed their Answer ten days later. D.I. 15.

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with the matter.

In the present Motion, Defendants assert that their affirmative defense should be addressed first. D.I. 13 at 11.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) permits the Court to order a separate trial of one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." If a party moves for bifurcation, it has the burden to establish that bifurcation "is appropriate." *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 567 (D. Del. 2013) (citations omitted); *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, C.A. No. 17-1734-RGA, 2021 WL 982730, at *1 (D. Del. Mar. 16, 2021). The district court has "broad discretion" when it decides "whether to separate the issues[,]" *Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972); *see Thabault v. Chait*, 541 F.3d 512, 529 (3d Cir. 2008) (citing *Idzojtic*, 456 F.3d at 1230), though "'bifurcation remains the exception rather than the rule.'" *Sprint*, 2021 WL 982730, at *1 (citation omitted). The Court "'should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension . . . .'" *Id.* (citation omitted). "In deciding whether one trial or separate trials will best serve [the above factors] . . . the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).

## III. DISCUSSION

Defendants assert that this Court should bifurcate the matter and hear their affirmative defense in the first instance. Specifically, Defendants intended to—and did—raise the affirmative defense that HASH and potentially other plaintiffs signed a Terms and Conditions contract to participate in the Ally Token program, a program established by the Defendants to "enable affected users [of the Rari Pool 136 program] to benefit from the stabilization and growth of ICHI." D.I. 13 at 7. This Terms and Conditions ("T&C") contract includes language seeking to release DMA

2

Labs and others of all claims against them "arising out of [] . . . Rari Fuse Pool #136." D.I. 15-1 at 3. Defendants contend that bifurcation would (1) avoid prejudice wherein Defendants would have to "simultaneously litigat[e] their affirmative defense (which a jury may misconstrue as an admission of responsibility for or involvement in the manipulative trading scheme) and defend[] the merits of Plaintiffs' claims (as part of which Defendants will demonstrate that they were not involved in or responsible for that trading scheme)" and (2) simplify the issues for the Court and for the jury. D.I. 13 at 2. In response, Plaintiffs argue that Defendants have not met their burden to demonstrate that bifurcation will avoid prejudice, conserve judicial resources, or enhance juror comprehension. D.I. 19 at 8-12. The Court agrees with Plaintiffs.

First, Defendants have not shown that bifurcation would avoid prejudice. Defendants argue that they would be prejudiced if they presented both the affirmative defense and defense on the merits because a jury "unfamiliar with the realities of today's business and legal environment may misconstrue Defendants' willingness to offer the Ally Token program to impacted users, and its inclusion of the Release in the Ally T&Cs, as an admission of culpability or responsibility by Defendants[.]" D.I. 13 at 17. "[T]he [C]ourt will not pre-judge the yet-unnamed jurors by assuming they are unable to digest the facts and law in this case." *Sprint*, 2021 WL 982730, at *2 (quoting *Synopsys, Inc. v. Magma Design Automation*, C.A. No. 05-701-GMS, 2006 WL 1452803, at * 4 (D. Del. May 25, 2006)). Also, Plaintiffs contend that their original claims and the affirmative defense must be examined together because "Plaintiffs' claims and [their] arguments in response to Defendants' affirmative defense are inextricably intertwined such that depriving Plaintiffs an opportunity to show the full picture of this case—and the discovery required to make that showing—will result in prejudice to the Plaintiffs." D.I. 18 at 16.; *see also Liqwd, Inc. v. L'Oréal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2019 WL 365708, at *2 (D. Del. Jan. 30, 2019)

3

(denying bifurcation where holding two trials "would result in prejudice to L'Oréal by requiring L'Oréal to present the same evidence at the two trials."]; *Synopsys, Inc.*, 2006 WL 1452803, at *4 (denying bifurcation where "the evidentiary presentation in one case would likely be substantially duplicative of the evidentiary presentation in the other."). The Court agrees with Plaintiffs in this instance. Indeed, this Court has recognized that bifurcation results in "inevitable delay" that results in prejudice, and that "such prejudice is real, and cannot be mitigated by action short of denying the request for separate trials." *SenoRx, Inc.*, 920 F. Supp. 2d at 568-69 (citations omitted). Furthermore, in their briefing, Defendants focus on only one of the Plaintiffs, HASH, by asserting that *HASH* participated in the Ally Token program and *HASH* released its claims by participating. D.I. 13 at 8-11. Defendants' Motion practically ignores the existence of the other plaintiffs. D.I. 18 at 13. Although Defendants later assert the affirmative defense against all Plaintiffs, *see* D.I. 15, Defendants have not shown this Court why they believe any other plaintiff participated in the Ally Token program and signed the contract releasing their claims. Under these circumstances, granting bifurcation would result in prejudice in the form of undue delay to the Plaintiffs. Accordingly, Defendants have failed to show that bifurcation would avoid prejudice.

Second, Defendants have not shown that bifurcation would conserve judicial resources. Defendants argue that there is little overlap as the issues are "distinct" and the potential success of their affirmative defense claim against HASH "may result in the dismissal or resolution of the remaining claims." D.I. 13 at 16. However, under the circumstances of this case, bifurcation would likely "create additional work for everyone involved." *Evertz Microsystems Ltd. v. Lawo Inc.*, C.A. No. 19-302-MN-JLH, 2021 WL 706457, at *2 (D. Del. Feb. 23, 2021). Namely, this Court would be required to oversee two discovery periods, two sets of summary judgment briefing, and potentially two trials. As Plaintiffs note, the issues are intertwined. Thus, staying discovery

4

on Plaintiffs' claims while permitting discovery on Defendants' affirmative defense would likely result in discovery motions seeking to determine whether the evidence sought is proper in the initial phase. This would create even more work for the Court. Therefore, it is unlikely that bifurcation would conserve judicial resources.

Third, Defendants have not shown that bifurcation will enhance juror comprehension. Defendants assert that Plaintiffs' claims require the jury to consider many issues, listing seventeen in their briefing, and assert that the claims will require "extensive fact and expert discovery." D.I. 13 at 14-15. Defendants also note that the issues "will be considered against the backdrop of the crypto industry, which is highly technical, jargon-heavy, and involves novel concepts and practices." *Id.* Defendants also reiterate that presenting both their defense to Plaintiffs' claims and their affirmative defense of release will be prejudicial for them and confusing for the jury. *Id.* at 15-17; D.I. 20 at 8-9. In response, Plaintiffs reason that "the simultaneous arguments tell the jury the *entire story* and show why the release is inappropriate." D.I. 18 at 19 (emphasis in original). This Court agrees with Plaintiffs that, under the circumstances of this case, providing two sets of fact finders with only part of the whole story is likely to result in juror confusion instead of enhancing juror comprehension.

Fourth, "the major consideration [in evaluating bifurcation] is directed toward the choice most likely to result in a just final disposition of *the litigation*," not just the choice most likely to favor disposition of Defendants' affirmative defense. *Innotron*, 800 F.2d at 1084 (emphasis added). For all the reasons set forth above, Defendants have failed to show that bifurcation is appropriate under the circumstances of this case. *Sprint*, 2021 WL 982730, at *1.

IV. **CONCLUSION**

For the foregoing reasons, Defendants have not met their burden to demonstrate that bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension.

5

WHEREFORE, at Wilmington this 3d of July, 2023, **IT IS HEREBY ORDERED** that Defendants' Motion to Bifurcate (D.I. 12) is **DENIED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE