IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HASH ASSET MANAGEMENT LTD., TAF CAPITAL PTY LTD, as trustee for the BLUEBOTTLE FUND, and NI KAIHAO, <br><br> Plaintiffs, <br><br> v. <br><br> DMA LABS, INC., ICHI FOUNDATION, NICK POORE, and BRYAN GROSS, <br><br> Defendants. | C.A. No. 1:22-cv-01633 (JLH) |

## DEFENDANTS' RESPONSE TO NOTICE OF SUBSEQUENT AUTHORITY

Plaintiffs' latest Notice of Subsequent Authority (D.I. 51) attaches (i) a complaint (D.I. 51-2; "Rari Compl.") filed by the Securities and Exchange Commission ("SEC") against Rari Capital, Inc. ("Rari Capital") and affiliated individuals; and (ii) a Cease-and-Desist Order (D.I. 51-1; "Rari Order") entered by consent against Rari Capital's successor, Rari Capital Infrastructure LLC ("Rari Infrastructure," and together with Rari Capital, "Rari"). No court has ruled on the merits of the claims asserted by the SEC because Rari, which wound down its operations more than two years ago, agreed to settle the matter prior to filing. *See* Rari Order § II; *see also id.* ¶¶ 18, 23; Rari Compl. ¶ 16. Far from providing "decisive support" for Plaintiffs' claims, the SEC's unadjudicated claims in a settlement with an absent third party should be given little weight. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893-94 (2d Cir. 1976) (noting that consent decrees with federal agencies "are not true adjudications" because they are "the result of private bargaining [with] no hearing or rulings or any form of decision on the merits by the district court").

In any event, the SEC's allegations underscore that Plaintiffs have sued the wrong parties because Rari—and not the Defendants named here—was responsible for the Rari Fuse pools that

the SEC determined to be securities. Rari "created and launched the Fuse platform." Rari Compl. ¶ 43. Rari "developed and controlled" the smart contracts underlying the platform, meaning it designed and maintained the technical and financial frameworks within which the pools operated. *See id.* ¶¶ 8, 44. Rari developed and provided the front-end interface that enabled users to interact with Fuse. *See id.* Rari maintained ultimate control over every pool created through Fuse, including "the ability to shut down the platform, replace the platform's underlying smart contracts, and revoke the pool creators' administrator rights." *See id.* ¶ 45. And Rari financially profited from Fuse by charging fees based on the interest earned from depositing and borrowing activity in each pool. *See id.* ¶¶ 9, 48.

In contrast, Defendants here are alleged at most to have established a single pool on the Rari-developed Fuse platform and to have set certain parameters within that pool, subject at all times to Rari's ultimate control. *See, e.g.*, D.I. 51 at 2 (contending Defendants "established Rari Pool 136 on the Fuse platform" and "customized the depositing and borrowing parameters for the pool"). But those allegations do not give rise to liability on the part of any Defendant as a statutory seller under § 12, even assuming the Fuse pools qualify as securities. Indeed, while the SEC highlights that Rari collected performance-based fees based on borrowing activity within each pool, Plaintiffs do not allege any financial motivation on the part of Defendants to establish or promote Rari Pool 136, which is fatal to their § 12 claims. *See* D.I. 37 ("Mot.") at 10-12; D.I. 40 ("Reply") at 6-7.

Moreover, the SEC's allegations against Rari do nothing to cure the other dispositive deficiencies in Plaintiffs' claims against Defendants. These include that: (a) Plaintiff Kaihao is not alleged to have participated in Rari 136 (*see* Mot. at 22; Reply at 2-3); (b) the remaining Plaintiffs, HASH and TAF, lack standing to assert claims on behalf of their clients (*see* Mot. at 21-22; Reply

at 1-2); and (c) Plaintiffs fail to plead particularized facts establishing the requisite "strong" inference of scienter as to any Defendant (*see* Mot. at 13-15; Reply at 8-9).

| | |
|---|---|
| Dated: October 3, 2024 | Respectfully submitted, |
| | By: */s/ William M. Alleman, Jr.*<br>MELUNEY ALLEMAN & SPENCE, LLC<br>William M. Alleman, Jr. (Bar ID 5449)<br>1143 Savannah Road, Suite 3-A<br>Lewes, DE 19958<br>(302) 551-6740<br>bill.alleman@maslawde.com |
| | MORRIS KANDINOV LLP<br>Aaron T. Morris<br>Andrew W. Robertson<br>305 Broadway, 7th Floor<br>New York, NY 10007<br>(212) 431-7473<br>aaron@moka.law<br>andrew@moka.law |
| | *Attorneys for Defendants* |